19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert B. REICH, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellant,
v.
LAPATISSERIE, INC.,; Guy Pacaud, Defendants-Appellees.
 No. 93-5639.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: JONES, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 The Secretary of Labor appeals a judgment entered following a bench trial in this action brought under the Fair Labor Standards Act of 1938, 29 U.S.C. Secs. 201 et seq. The government has specifically waived oral argument in this matter. Counsel for appellees has withdrawn on appeal, and appellees have not filed a brief or objected to consideration of the appeal without argument. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The Secretary sued the defendant Memphis bakery and restaurant and one of its owners alleging that defendants failed to compensate five employees at one and one-half times their regular wage for hours worked beyond forty hours per week and failed to maintain adequate records of employees' hours and pay. The Secretary sought permanent injunctive relief, back wages withheld over the two-year period applicable to non-willful violations of the Act, and an amount equal to back wages withheld as liquidated damages as provided under the Act. The case proceeded to a two-day bench trial before the district court in April 1992. The court found for the Secretary and granted permanent injunctive relief, back overtime wages in the amount of $7,688.25, and prejudgment interest of $884.61. However, the district court declined to award liquidated damages. On appeal, the Secretary contends that the district court erred in declining to award liquidated damages.
 
 
 3
 Generally, 29 U.S.C. Sec. 216(b) subjects an employer who violates the Fair Labor Standards Act to liability for liquidated damages in an amount equal to unpaid back wages. Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 967 (6th Cir.1991); McClanahan v. Mathews, 440 F.2d 320, 322 (6th Cir.1971). A district court does have discretion, under the statute, to refuse to award liquidated damages if an employer can carry the "substantial burden" of showing that the violation resulted from actions taken in good faith and in the reasonable belief that the actions did not violate the Fair Labor Standards Act. Dole, 942 F.2d at 967-68; McClanahan, 440 F.2d at 322. Whether an employer had reasonable grounds to believe that its conduct did not violate the Act is decided under an objective standard, and we review a district court's resolution of such a question de novo. Martin v. Cooper Elec. Supply Co., 940 F.2d 896, 908 (3d Cir.1991), cert. denied, 112 S.Ct. 1473 (1992); Walton v. United Consumers Club, Inc., 786 F.2d 303, 312 (7th Cir.1986). If an offending employer lacked objectively reasonable grounds for believing that its conduct did not violate the Act, then the district court has no choice but to award liquidated damages. Dole, 942 F.2d at 967.
 
 
 4
 Upon consideration, we conclude that the district court's determination that defendants acted upon reasonable belief that their conduct conformed to the Act was erroneous under the circumstances of this case; accordingly, the court lacked discretion to refuse to award liquidated damages. The employer had no reasonable basis for believing that it was in compliance with the Act. There were no reasonable grounds on which the employer could have concluded that it was not subject to the FLSA, nor was there reason for it to believe that the particular employees with whom we are concerned here were exempt from coverage. Even after being informed that it was not in compliance with the law, the employer failed to take meaningful steps to bring itself into compliance. At the very least, to avoid the assessment of liquidated damages, a defendant must show "an honest intention to ascertain what the Act requires and to comply with it." Brock v. Wilamowsky, 833 F.2d 11, 19 (2d Cir.1987). No such showing was made here.
 
 
 5
 The primary grounds on which the district court based its order remitting an award of liquidated damages were the employer's owner's limited command of English and his belief that the law ought not to bar him from making whatever contracts were agreeable to him and his employees. These points are not relevant to the inquiry into whether there were objectively reasonable grounds for the employer to believe itself to be in compliance with the Act. Walton, 786 F.2d at 312 ("A good heart but an empty head does not produce a defense" against liquidated damages). The penalty mandated by the statute is a harsh one, and the wisdom of the provision at issue may be debatable, but federal courts do not sit as councils of revision to correct the mistakes of Congress.
 
 
 6
 The judgment of the district court is REVERSED, and the case is REMANDED for entry of an order awarding liquidated damages.