Robert REICH, Secretary of Labor, United States Dept. of Labor, Plaintiff,

v.

SCHERER BUICK COMPANY, a Corporation; and James Scherer, an Individual, Defendant.

No. 93–1076.

United States District Court, C.D. Illinois.

May 31, 1995.

Karen L. Mansfield, U.S. Dept. of Labor, Sol., Chicago, IL, for plaintiff.

John A. Slevin, Vonachen Lawless Trager & Slevin, Peoria, IL, for defendant.

## ORDER

McDADE, District Judge.

Before the Court is a Motion for Summary Judgment [Doc. # 9] filed by Plaintiff Secretary of Labor Robert Reich ("Reich"). Reich brings the present suit pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.*, seeking injunctive relief and liquidated damages. Reich alleges in his complaint that Defendants Scherer Buick Company and James Scherer ("Defendants") violated the FLSA by failing to pay their employees a wage at or above the minimum wage level for the period December 29, 1989 to November 29, 1991. The Court notes its jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

Reich brought the present suit as a result of an investigation by Department of Labor ("DOL") agent Susan Wilbur into Defendants' method of compensating the employees of Scherer Buick Company. Scherer Buick Company is a business devoted to selling automobiles, and to this end, employs sales personnel who work strictly on a commission basis. James Scherer is the president of Scherer Buick Company and is responsible for and exercises direct control over all aspects of the company's operation. From December 29, 1989 to November 29, 1991, the commission settlement period for Scherer Buick's sales people was seven days. Thus, if a salesperson failed to sell an automobile during the seven day period, he would receive no pay for that period. In January of 1992, following an investigation by the DOL into Defendants' pay practices, Defendants came to an agreement with their employees whereby the commission settlement period was amended to twenty-eight days. Defendants and their employees agreed that the amendment would be made retroactive to January 1, 1990, and that Defendants would

pay their employees back wages for this period. The back wages were based upon the assumption that each employee had worked a fifty hour week and were calculated by multiplying 200 hours (four seven day periods in a twenty eight day commission settlement period multiplied by fifty hours per week) by the prevailing minimum wage, and comparing this number to the amount of compensation actually paid for that twenty-eight day period. If the amount calculated was below the amount paid in compensation to an employee for the twenty-eight day period, Defendants agreed to pay the employee the difference in back wages.

Reich disagreed with the methodology employed by Defendants when determining the amount of back wages due. Reich contended that by calculating the amount of back pay owed by using a twenty-eight day period instead of a seven day period, Defendants understated the amount owed because the extended period increases the likelihood of sales generating commissions in excess of the minimum wage. Defendants' calculations determined that $5,371.62 was owed their employees. The DOL investigator, Susan Wilbur, calculated that $35,117.00 was owed Scherer's employees. Ms. Wilbur derived this amount by multiplying a fifty hour work week, the same figure used by Defendants' in their calculation, by the applicable minimum wage, and then comparing that amount to the amount of wages actually paid for the seven day period. Because Reich believes that the amount of back wages calculated by Defendants understates the amount actually owed and that Defendants have failed to adequately keep records as required by the FLSA, he filed the present suit against Defendants.

Reich's motion for summary judgment currently pending before the Court makes four arguments. First, Reich argues that Defendants should not be allowed to retroactively amend their commission period. Reich contends that once wages or commissions become due and owing to the employee under the FLSA, an employer should not be allowed to retroactively alter the payment period to avoid or minimize the effect of the FLSA. Second, Reich argues that the back wages computed by Ms. Wilbur are due and

owing to twenty-seven of Defendants' employees. Although Defendants' records are incomplete, Ms. Wilbur used a fifty hour work week based upon Defendants' records and interviews with Defendants' employees to compute the back wages owed. Third, Reich argues that he is entitled to the entry of injunctive relief restraining Defendants from withholding back wages and enjoining future violations of the FLSA. Fourth, Reich argues that Defendants cannot carry the burden of demonstrating good faith and reasonable grounds for failing to adhere to the strictures of the FLSA, and therefore, liquidated damages should be awarded.

In their response to Reich's motion for summary judgment, Defendants do not contest the applicability of the FLSA to their operation or their responsibility to pay a minimum wage. Rather, Defendants make five arguments attacking Plaintiff's application of the FLSA to Defendants. First, Defendants argue that any claims for wages prior to February 24, 1991, are barred by operation of the statute of limitations applicable to this case. Second, Defendants argue that Reich has not presented the wages paid or hours worked for the period subsequent to February 24, 1991. Third, Defendants argue that there is a legitimate issue of fact as to the number of hours worked by each employee during the relevant period. Fourth, Defendants argue that they and their employees are legally entitled under general contract law to retroactively amend the commission settlement period. Fifth, Defendants argue that they paid the proper amount of back pay using the twenty-eight day commission settlement period.

In his reply to Defendants' response, Reich concedes that the statute of limitations bars his claim for back wages for the period prior to February 24, 1991. However, Reich continues to seek back wages for the period of February 24, 1991 to November 29, 1991. Reich states that he has presented wage data as to the period subsequent to February 24, 1991, and that Defendants' failure to keep adequate records of the precise hours worked precludes them from raising any uncertainty as a genuine issue of fact. Also in replying to Defendants' response, Reich ar-

gues that employees cannot waive their rights under the FLSA, and therefore, could not agree to retroactively amend the commission settlement period.

■ "A motion for summary judgment is not an appropriate occasion for weighing evidence; rather, the inquiry is limited to determining if there is a genuine issue for trial." *Lohorn v. Michal,* 913 F.2d 327, 331 (7th Cir.1990); *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). This Court must "view the record and all inferences drawn from it in the light most favorable to the party opposing the motion." *Holland v. Jefferson Nat'l Life Ins. Co.,* 883 F.2d 1307, 1312 (7th Cir.1989). When faced with a motion for summary judgment, the non-moving party may not rest on its pleadings. Rather, it is necessary for the non-moving party to demonstrate, through specific evidence, that there remains a genuine issue of triable fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Bank Leumi Le–Israel, B.M. v. Lee,* 928 F.2d 232, 236 (7th Cir.1991).

■ The initial issue in this matter is whether or not Defendants could retroactively amend their commission settlement period to avoid or limit their liability under the FLSA. Defendants argue that they are "legally entitled" to retroactively amend their commission settlement period by "general contract law." Defendants' argument is specious. General principles of contract law do not supersede federal statutory law. U.S. CONST. art. VI. The FLSA requires that an employer pay a minimum wage to its employee during a specified work period. 29 U.S.C. § 206. Defendants set the settlement period at seven days, thus, corresponding to one workweek. The minimum wage becomes vested and is owed the employee at the completion of the work period. *Donovan v. Kaszycki & Sons Contractors, Inc.,* 599 F.Supp. 860, 868–69 (S.D.N.Y.1984). Defendants' attempt to retroactively amend its commission settlement period is no more than a blatant attempt to retroactively decrease the wages owed their employees. This is contrary to the purpose of the FLSA, and the Court finds that such a retroactive amendment should not be allowed. *Cf. York v. Wichita Falls,* 763 F.Supp. 876 (N.D.Tex. 1990) ("the FLSA cannot be used to justify a change in an employer's payroll practices to retroactively reduce employee compensation"); *See also Marshall v. Sam Dell's Dodge Corp.,* 451 F.Supp. 294, 301–02 (N.D.N.Y.1978). Accordingly, the Court finds that Defendants attempt to retroactively amend the commission settlement period is without effect for the purposes of the FLSA, and that a settlement period of seven days should be used in determining if there has been a breach of the FLSA during the period February 24, 1991 to November 29, 1991.

The Court, having decided that Defendants' amendment had no effect on their liability under the FLSA, must next determine if Plaintiff has established Defendants' liability under the FLSA, and if so, what amount of back wages are owed to Defendants' employees. Defendants do not dispute that the requirements of the FLSA apply to them or that they are required to pay a minimum wage. Rather, the nut of the dispute is the number of hours worked per week by Defendants' employees. Reich contends that fifty hours per week is the number which should be used. Reich generated this number via DOL investigator Susan Wilbur reviewing Defendants' records and by interviewing Defendants' employees in accordance with *Anderson v. Mt. Clemens Pottery,* 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946). In addition, Reich notes that the fifty hour figure was also used by Defendants when they calculated the amount of back wages owed. Finally, Reich contends that Defendants should not be heard to complain as to Reich's use of a fifty hour workweek because it was Defendants' failure to keep records required by the FLSA which necessitate the reconstruction of the hours worked per week.

Defendants contend that there is a genuine issue of material fact as to the number of hours actually worked per week by their employees. In James Scherer's declaration, he states that his employees were scheduled to work forty-one hours a week, but that it was not uncommon for employees to work additional hours during a week. Scherer

also states that salespersons occasionally take personal time off during the week, but that there was a policy mandating that an employee be at the dealership every minute of his or her scheduled shift. Finally, Scherer states that he believes that no employee spent more than fifty hours at the dealership during any one week period and that Defendants used the fifty hour figure when calculating back wages so that each employee would receive more than what was required under the FLSA, thereby satisfying the DOL and avoiding litigation.

■ A court, when confronting a motion for summary judgment, must determine whether the evidence presented creates a genuine issue of material fact which "may reasonably be resolved in favor of either party," and therefore, "can be resolved only by a finder of fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The only evidence presented by Defendants on the issue of the number of hours worked weekly by their sales staff is their sparsely maintained time cards and the declaration by James Scherer. These evidentiary submissions are insufficient to create a genuine issue of material fact requiring a trial. The timesheets are incomplete in that they do not generally show the total number of hours worked each week by a salesperson; and except in a few instances, the timesheets do not show that any salespersons took time off work for illness, vacations, or holidays. In the few instances where such a showing was made, Compliance Officer Wilbur made allowances in her calculation of the hours worked by those particular salespersons. Scherer states that although the workweek is set at forty-one hours, it is common for sales personnel to work in excess of these set hours. Just how often the forty-one hour workweek is exceeded and by what employees is not addressed by Scherer's affidavit or the timesheets. Scherer merely states in his declaration that "[i]t is believed that no employee

spent more than fifty hours at the dealership at any one week period." The bottom line is that Defendants present no competent evidence as to the number of hours worked by specific employees for specific weeks during the period of February 24, 1991 to November 29, 1991. Indeed, given Defendants' lack of records concerning their employees' work hours, they can only offer guesses as to the number of hours worked beyond the scheduled forty-one hours. Unsubstantiated speculation does not create a genuine issue of material fact. This is especially true when the speculation is necessitated by the offering party's failure to keep records required by law.

■ When an employee offers evidence sufficient to establish by just and reasonable inference that he was improperly compensated under the FLSA and the amount of work performed, the burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687–88, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946). As stated above, Defendants offer no competent evidence as to the actual hours worked by their employees nor any evidence which would cast doubt on the reasonableness of inferences drawn from Plaintiff's evidence derived from what few records Defendant maintained and interviews with salespersons. "Summary Judgment is appropriate where the non-moving party fails to make a showing sufficient to create a genuine issue of material fact regarding a matter on which the non-moving party has the burden of proof." *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 968 (6th Cir. 1991) *citing Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Accordingly, the Court finds that there is no genuine issue of material fact as to Plaintiff's use of a fifty hour workweek[1]

---

**1.** Clearly there is no genuine issue of material fact as to the use of a forty-one hour workweek since Defendants concede that this was the scheduled number of weekly hours each salesperson was required to work, and Defendants have submitted no evidence to show that these

hours were not worked by each salesperson. Considering Defendants' further admission that salespersons would commonly work additional hours to accommodate a customer, Defendants use of a fifty hour workweek in calculating the FLSA back wages owed, and the information

when determining whether the FLSA has been violated and what amount of back wages is owed Defendants' employees and that summary judgment is appropriately entered in favor of Plaintiff Reich for those employees paid less than minimum wage for the period February 24, 1991 through November 29, 1991.

Upon reviewing the evidence submitted by Reich in support of his motion, the Court finds that twenty employees were paid less than minimum wage during the period February 24, 1991 through November 29, 1991, in violation of 29 U.S.C. § 215(a)(2). These employees are listed in Appendix A, as are the amounts owed to the employees for back wages totaling $17,242.54. Plaintiff's claims have been reduced, and in some cases removed, to reflect the statute of limitations bar to claims occurring more than two years prior to the filing of this case. 29 U.S.C. § 255. Accordingly, injunctive relief is properly entered on behalf of Plaintiff whereby Defendants are, pursuant to 29 U.S.C. § 217, restrained from withholding back wages owed their employees as a result of Defendants' violation of the FLSA.

■ Plaintiff Reich also requests that Defendants be enjoined from committing future violations of the FLSA pursuant to 29 U.S.C. § 217. Specifically, Reich seeks an order enjoining Defendants from violating the record keeping and minimum wage requirements of the FLSA contained in 29 U.S.C. §§ 211(c) and 215(a)(2), respectively. Defendants do not provide the Court with reasons why they should not be enjoined from further violations of the FLSA. In addition, although currently complying with the minimum wage aspect of the FLSA, Defendants do not inform the Court if they are currently complying with the FLSA's record keeping requirements. Accordingly, the Court finds that Defendants should be permanently enjoined from violating the provisions of 29 U.S.C. §§ 211(c) and 215(a)(2).

■ Finally, Reich seeks an award of liquidated damages pursuant to 29 U.S.C. § 216(c). Section 216(c) provides that the "Secretary may bring an action in any court of competent jurisdiction to recover the amount of unpaid minimum wages ... and an equal amount as liquidated damages." A court may, in its discretion, refuse to award liquidated damages "if, and only if, the employer shows that he acted in good faith and that he had reasonable grounds for believing that he was not violating the Act." *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 967 (6th Cir.1991); *Marshall v. Brunner,* 668 F.2d 748, 753 (3rd Cir.1982). "Double damages are the norm, single damages the exception, the burden on the employer." *Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 310 (7th Cir.1986). "To be relieved of liability for liquidated damages, the employer, 'has the 'substantial burden' of proving to the satisfaction of the trial court that its acts giving rise to the suit are both in good faith and reasonable.'" *Dole,* 942 F.2d at 968 *quoting Mireles v. Frio Foods, Inc.,* 899 F.2d 1407, 1415 (5th Cir.1990). Defendants have not responded directly to Reich's request for liquidated damages and have offered the Court no evidence or argument establishing good faith and reasonableness. Accordingly, the Court finds that liquidated damages in the amount of the back wages owed should be awarded to Plaintiff.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment [Doc. # 9] is **GRANTED.** Defendants are hereby ordered to pay to Plaintiff, for the benefit of the employees listed in Appendix A, $17,242.54 in unpaid wages, and $17,242.54 as liquidated damages. Defendants are also enjoined from future violations of 29 U.S.C. §§ 211(c) and 215(a)(2). Parties to bear their own costs. This case is **TERMINATED.**

obtained by Compliance Officer Wilbur from her interviews with various salespersons, it is not an unreasonable inference for Plaintiff to use a fifty hour workweek in his calculation of FLSA violations and the amount of back wages owed.

There is no dispute between the parties as to the applicable minimum wage during this period or the commissions actually earned by the various salespeople. Given the Court's use of a fifty hour workweek, the determination of the wages due is a simple arithmetic calculation which does not require the time and expense of a trial or hearing.

Appendix A

|  |  |  |
|---|---|---|
| 1. | P.J. Adair | $ 144.75 |
| 2. | Ron Andreoni | $ 677.00 |
| 3. | Loren Arnett, Jr. | $ 1,168.12 |
| 4. | Dee Baker | $ 2,603.70 |
| 5. | Phil Bolam | $ 2,150.61 |
| 6. | Sean Dunne | $ 885.00 |
| 7. | Keith Frick | $ 402.50 |
| 8. | Rick Griffin | $ 568.00 |
| 9. | Hollye Gustafson | $ 375.00 |
| 10. | Hans Hagen III | $ 1,149.11 |
| 11. | Jim Helfers | $ 723.68 |
| 12. | Mike Jury | $ 751.19 |
| 13. | Mariann Nixon | $ 137.00 |
| 14. | Max Oberholtzer | $ 507.00 |
| 15. | Mike Pagioli | $ 155.00 |
| 16. | Bill Pruett | $ 1,399.34 |
| 17. | Mike Rhodes | $ 312.00 |
| 18. | Ronald Schutt | $ 349.50 |
| 19. | Jesse Thorton | $ 869.17 |
| 20. | Terry Vaughn | $ 1,914.87 |
|  |  | $17,242.54 |