Alfred SMITH, III, Plaintiff,

v.

SCHERING–PLOUGH HEALTHCARE PRODUCTS, INC., Defendant.

No. 95–2663–TUA.

United States District Court, W.D. Tennessee, Western Division.

Jan. 15, 1997.

Kathleen L. Caldwell, Caldwell Law Firm, Memphis, TN, for Plaintiff.

Herbert E. Gerson, Michelle S. Harkavy, McKnight Hudson Lewis & Henderson, Memphis, TN, for Defendant.

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TURNER, District Judge.

Alfred Smith, III ("Smith") filed this action against his employer, Schering–Plough Healthcare Products, Inc. ("Schering–Plough"), alleging Schering–Plough engaged in discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). Specifically, Smith alleges that Schering–Plough gave him negative reviews, assigned him special projects, and laterally transferred him because he is an African–American. Presently before this court is Schering–Plough's Motion for Summary Judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure.

I. *Undisputed Facts*

Smith has worked for Schering–Plough since 1982. He was promoted from his initial position as Technical Supervisor to Compounding Supervisor in March of 1983. Smith performed well in this position and received good evaluations and merit pay in-

creases. In December of 1991, Smith was transferred from Supervisor of Solid Compounding to Supervisor of Liquid Compounding. The position of Supervisor of Liquid Compounding was an equivalent position to Supervisor of Solid Compounding and had the same pay scale. As a Supervisor of Liquid Compounding, Smith made a compounding error. On February 4, 1993, following this error, Smith received a negative evaluation from his supervisor, Barbara Swain ("Swain"). The evaluation cited, inter alia, Smith's lack of confidence and decision-making skills an the reasons for the poor evaluation. The evaluation also referred to Smith's compounding error. Smith was told that if his performance did not improve he would be subject to termination in December of 1993.

Smith was then assigned a special project to be completed by August 1993. Because Swain had allegedly told Smith she wanted Smith out of her department, Smith sought a transfer to a chemist position. He was denied this transfer because of his poor evaluations.

In March of 1994, Dave Reynolds ("Reynolds"), successor to Swain, also gave Smith a negative evaluation. Because of these evaluations, Smith did not receive a merit pay increase during this time. Smith requested and received a transfer to his former position as Supervisor of Solid Compounding. In this capacity, Smith's evaluations were again high and he received merit pay increases. Smith is still employed as a Supervisor of Solid Compounding.

Smith filed this action against Schering–Plough on August 28, 1995, alleging that Schering–Plough had discriminated against him in the following ways: (1) Schering–Plough failed to give Smith a merit pay increase because of an error Smith made in compounding but did give a merit increase to a Caucasian employee making a similar error; (2) Schering–Plough gave Smith additional job assignments which were not given to Caucasian employees; and (3) Schering–Plough created a hostile work environment which caused Smith to be transferred to his former position as Supervisor of Solid Compounding. On October 28, 1996, Schering–Plough filed a motion for summary judgment

on these claims, contending that Smith has failed to present sufficient evidence to establish that he was treated differently than other, Caucasian employees.

## II. *Substantive Law*

### A. *Standard for Summary Judgment*

The moving party is entitled to summary judgment where there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, the court's function is not to weigh the evidence or judge its truth; rather, the court must determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The substantive law governing the case will determine what issues of fact are material. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989).

A summary judgment movant "bears the burden of clearly and convincingly establishing the nonexistence of any genuine issue of material fact and the evidence as well an all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden–Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir.1986). Once met, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue of triable fact. Fed. R.Civ.P. 56(e). To meet this burden, the non-movant must present sufficient countervailing evidence such that a jury could return a verdict favorable to the non-moving party. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505.

### B. *Title VII*

When a plaintiff in a Title VII case has no direct evidence of discrimination, his claim is controlled by the standard the Supreme Court developed in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In *McDonnell Douglas,* the Court established a burden-shifting framework which initially requires the plaintiff to set forth a prima facie case of discrimination. *Id.* at 802, 93 S.Ct. 1817. The plaintiff must offer evidence which creates an inference that an employment decision was

based on discriminatory criterion. *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). A plaintiff can meet this burden by satisfying the following four elements:

(1) he was a member of a protected class;

(2) adverse employment action was taken against him;

(3) he was qualified for the position;

(4) he was replaced by a person outside the class.

*McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817. Even if a plaintiff cannot show that he was replaced by a non-member of his class, he can make out a case of discrimination by showing, in addition to the first three elements, that he was treated differently than a similarly-situated person who is not a member of that class. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582–83 (6th Cir.1992). The plaintiff bears this initial burden, and the defendant is not required to prove anything until this burden is met. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817. Therefore, a defendant can successfully move for summary judgment by establishing that, under the undisputed facts, plaintiff has failed to develop evidence sufficient for a jury to find that plaintiff has established a prima facie case.

Once the plaintiff meets his burden of establishing a prima facie case, the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for the employment action taken. *Id.* at 802–03, 93 S.Ct. 1817. If the defendant meets this burden, the plaintiff must come forward with evidence to show that defendant's proffered reason is a pretext to mask discriminatory motives. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

### III. *Analysis*

As Smith has failed to offer any direct proof of race discrimination, he must raise an inference of discrimination under the *McDonnell Douglas* standard to establish a prima facie case. With the possible exception of his lateral transfer claim, Smith's claims do not involve his being replaced. Therefore, Smith would need to establish the first three elements of the *McDonnell Douglas* standard and that he was treated differently than a non–African–American under *Mitchell*. As to the first two claims, Schering–Plough does not dispute that Smith has satisfied the first three elements of the *McDonnell Douglas* test, but does contend that Smith has failed to offer sufficient evidence for a jury to find that he was treated differently than Caucasian employees. On the lateral transfer claim, Schering–Plough contends that Smith has not satisfied the second prong of the *McDonnell Douglas* test, i.e., that Smith has not established that he suffered an adverse employment action.

### A. *Performance Evaluation*

■ Smith alleges in his deposition that he received a poor performance evaluation because he made a compounding error and that Michael Carr ("Carr"), a Caucasian employee at Schering–Plough, made numerous compounding errors but did not receive a poor performance evaluation. (Smith's Dep. at 105–106.) Smith, however, admits in his deposition that he does not know what Carr's evaluation said:

A. ... Mike Carr did not have in his performance appraisal that he had made compounding errors, he has made more than one compounding error. And I dare say it was never mentioned in any of his performance evaluation appraisals.

Q. That's your surmise. You have never seen his performance evaluation; is that correct?

A. That's correct.

(Smith's Dep. at 105–106.) Smith offers no other evidence that non–African–Americans were treated differently with regard to performance evaluations. Smith has therefore failed to offer sufficient evidence for a jury to find that he has established a prima facie case of discrimination with regard to his receiving negative performance evaluations. Hence, Schering–Plough's motion for summary judgment on this issue is well-taken.

### B. *Special Projects*

■ Smith claims that he was assigned a special project but that Caucasian employees

were not. The only evidence Smith offers on this point in his deposition testimony:

> A. Also during this project, I say again, during those days we were working something like 12 hour shifts and Bill Walker who had come in on a shift early, I think these shifts overlapped during that time, I think he was working third shift or second shift, he came in and asked—I casually asked him how was he doing on his project. He said he didn't have a project.

(Smith's Dep. at 80–81.) The Sixth Circuit has held that under Rule 56(e) of the Federal Rules of Civil Procedure hearsay evidence is not sufficient to overcome a motion for summary judgment. *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968 (6th Cir.1991); *State Mut. Life Assurance Co. v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir.1979). Hence, Smith's recital of Bill Walker's out-of-court statement is not sufficient evidence to establish a prima facie case of discrimination and cannot defeat Schering–Plough's motion for summary judgment on this issue. Thus, Schering–Plough's motion on this issue is well-taken.

### C. *Lateral Transfer*

Schering–Plough's basis for seeking summary judgment on Smith's claim that his lateral transfer was racially motivated rests on its contention that Smith has failed to show that an adverse employment action was taken against him. In his deposition, Smith admitted that he did not agree with all the allegations in his complaint. Particularly, Smith does not agree that the transfer was a demotion. (Smith's Dep. at 137.) Also, Smith does not agree that the transfer caused him emotional injuries and serious stress or ruined his reputation on the job. (Smith's Dep. at 140–41, 144.) Smith bears the burden of proving that an adverse employment action was taken against him. *McDonnell–Douglas*, 411 U.S. at 802, 93 S.Ct. 1817. Smith has failed to present sufficient evidence for a jury to find that he has established this element of his prima facie case. Therefore, Schering–Plough's motion for summary judgment on this claim is also well-taken.

### IV. *Conclusion*

Smith has failed to come forward with sufficient evidence to establish a prima facie case of discrimination under the *McDonnell Douglas* and *Mitchell* standards. Schering–Plough's motion for summary judgment is granted and this action is dismissed.