**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0482n.06

07-6457

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
JUL 10, 2009
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| v. | ) ) | |
| MIN YANG; HOU GUANG; TASTY CHINA BUFFET, INC.; TASTY BUFFET, INC., | ) ) ) | |
| Defendants-Appellants. | ) | |

Before: DAUGHTREY and ROGERS, Circuit Judges; RESTANI, Judge.[*]

**PER CURIAM.** In this Fair Labor Standards Act case, the Secretary of Labor filed a complaint against the defendants – Min Yang, Hou Guang and their two businesses, Tasty Buffet and Tasty China Buffet (collectively, Tasty Buffet) – charging them with violation of the Act's minimum wage, overtime pay, and record-keeping requirements under 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), and 215(a)(5), and seeking back wages, liquidated damages, and injunctive relief. Tasty Buffet conceded liability for the statutory violations but contested the amount of the government's calculation of damages. The district court imposed liquidated damages under section 216(c) and denied both a "tip

---

[*]The Hon. Jane A. Restani, Chief Judge of the Court of International Trade, sitting by designation.

credit" and credit for employer-provided lodging and meals under section 203(m). Tasty Buffet now appeals the award of damages.

**Having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting summary judgment to the government. Because the reasons for that decision have been fully articulated by the district court, the issuance of another detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we affirm the judgment of the district court based upon the reasoning set out in its order dated August 13, 2007, with some additional comments set out below.**

**As a preliminary matter, we note that the order of August 13, 2007, left open the question of which statute of limitations should be applied to the violations of the Act that the parties had stipulated. The government argued that the three-year statute of limitations provided in 29 U.S.C. § 255(a) was applicable to the employer's pre-August 2004 wage-and-hour violations because those violations were willful. Tasty Buffet responded that because the pre-August 2004 violations were committed unknowingly, the two-year statute of limitations should be applied. Finding that there was a genuine issue of material fact on this point, the district court did not expressly resolve it in the summary judgment order or, for that matter, in any subsequent order. As a result, it was not immediately apparent from the record on appeal that there was a final judgment in this case.**

Our study of the record has nevertheless revealed that although the district court never explicitly said as much, by the time the court issued a subsequent order awarding damages, any dispute regarding the applicable statute of limitations had been apparently resolved by the parties. In its brief addressing the calculation of damages, the government conceded the point, noting "the Secretary's conclusion that a final resolution of the damages based upon the two-year period will serve the public interest and further the intent and purposes of the Act." Tasty Buffet chose not to file an opposing brief, and the district court implicitly accepted the government's concession by adopting a damages calculation based on a two-year, rather than three-year, statute of limitations. Thus, although the district court's failure to address the issue expressly cannot be condoned, we are satisfied that no issues remained in dispute prior to entry of the district court's order awarding damages and, therefore, that the entry of judgment in the district court provides a basis for the exercise of our jurisdiction to review the case on appeal.

That review reveals that the district court correctly concluded that Tasty Buffet was not entitled to a retroactive tip credit to reduce the sum of wages owed to its wait-staff, because Tasty Buffet failed to inform those employees that they would be paid on a "tip-credit basis ([i.e.,] that their wages were being decreased under Section 3(m)'s tip-credit provision)." In addition to the legal authority cited by the district court in support of this ruling, we have held that "an employer must inform

**the employee that it intends to treat tips as satisfying part of the employer's minimum wage obligation."** Kilgore v. Outback Steakhouse**, 160 F.3d 294, 298 (6th Cir. 1998) (citing** Martin v. Tango's Restaurant**, Inc., 969 F.2d 1319, 1322 (1st Cir. 1992)). At a minimum, the employer must provide notice to employees of its intent to take a tip credit.** See id. **If an employer fails to provide such notice, the tip credit may not be claimed, regardless of whether employees suffered actual economic harm as a result.** See Tango's Restaurant, Inc.**, 969 F.2d at 1323.**

**Although in this case Tasty Buffet informed its employees that their pay would consist almost exclusively of tips, it did not discuss its minimum-wage obligation or explain that it was applying a tip credit against that obligation. As a result, Tasty Buffet failed to meet the statutory notice requirement for receiving tip credit, and the district court did not err in disallowing an offset on this basis.**

**Furthermore, the district court correctly held that the employer could not claim credit for meals and lodging because it could not produce contemporary records reflecting the number and actual cost of the meals provided to Tasty Buffet employees and the value of the housing that individual employees occupied, as required by 29 C.F.R. § 516.27(a). Indeed, Tasty Buffet stipulated in the district court that it had failed to record deductions from its employees' earnings for the actual cost of meals or housing provided. Because Tasty Buffet did not comply with the**

record-keeping requirements, the district court properly disallowed an offset for meals and lodging supplied to its employees.

The district court also correctly held that the government is entitled to collect liquidated damages from Tasty Buffet. The Act provides in section 216(b) that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  Moreover, under the Act, liquidated damages "are compensation, not a penalty or punishment,"  Elwell v. University Hospitals Home Care Services, **276 F.3d 832, 840 (6th Cir. 2002) (internal quotations omitted), and no special showing is necessary for the awarding of such damages.  Rather, they are considered "the norm" and have even been referred to by this court as "mandatory."** Martin v. Ind. Mich. Power Co., **381 F.3d 574, 585 (6th Cir. 2004).**

It is true that a district court has the discretion not **to award liquidated damages if the employer shows that "the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act."  29 U.S.C. § 260;** see also Elwell, **276 F.3d at 840.  However, "[i]n the absence of such proof . . . a district court has no power or discretion to reduce an employer's liability for the equivalent**

of double unpaid wages."  Id. **(quoting** McClanahan v. Mathews**, 440 F.2d 320, 322 (6th Cir.1971)).**

Here, Tasty Buffet claimed ignorance of the law, adherence to Chinese cultural practices, and language difficulties as bases for invoking the good-faith standard under section 260.  In order to demonstrate good faith, however, an employer "must show that it took affirmative steps to ascertain the Act's requirements, but nonetheless violated its provisions."  Martin**, 381 F.3d at 584 (internal punctuation omitted).  The burden of establishing good faith for an employer is "substantial,"** Elwell**, 276 F.3d at 836, and a failure to comply with provisions of the Act must be based on objectively reasonable grounds.**  See Martin **381 F.3d at 584.  Accordingly, demonstrating good faith requires more than the absence of intent or knowledge.** See Reich v. Southern New Eng. Telcoms. Corp**., 121 F.3d 58, 71 (2d Cir. 1997).   Nor is the presence of a language barrier  "relevant to the inquiry into whether there were objectively reasonable grounds for the employer to believe itself to be in compliance with the Act."**  Reich v. Lapatisserie, Inc. **No. 93-5639, 1994 WL 102956, at *2 (6th Cir. March 25, 1994) (citing** Walton v. United Consumers Club, Inc.**, 786 F.2d 303, 312 (7th Cir. 1986) (observing that "[a] good heart but an empty head does not produce a defense" against liquidated damages)).  Hence, the district court's failure to exercise its discretion with regard to the imposition of liquidated damages on this**

basis and the others noted above cannot be considered an abuse of discretion under the facts of this case.

The judgment of the district court is AFFIRMED.