PER CURIAM.
Eddie Risdal, who is committed at Iowa’s Civil Commitment Unit for Sexual Offenders, brought a 42 U.S.C. § 1983 complaint, alleging that defendants-staff at the facility — used excessive force on him. Defendants moved for summary judgment, based in part on qualified immunity, and the district court denied the motion concluding that the record revealed disputed and material facts on whether defendants had violated Risdal’s clearly established right to be free from excessive force. This interlocutory appeal by defendants followed.[1] For the reasons discussed, we reverse the judgment of the district court and remand with directions to dismiss the complaint without prejudice.
With his complaint, Risdal produced a declaration made under penalty of perjury stating that defendants had used excessive force, causing him to suffer a “skinned up face,” a black eye, and a cut by his eye. During the proceedings below, defendants submitted evidence that Risdal had become extremely violent and belligerent following a hearing on the facility’s application to forcibly medicate him. He began throwing chairs and flipping tables; hurled *803 dominoes and salt and pepper shakers at staff; and threw a desk against an office window, breaking it. Defendants sought to bring Risdal under control by taking him to the ground, and during the struggle, Risdal struck his head on-a chair. Once restrained, Risdal was handcuffed and placed in seclusion, and he was later found to have minor injuries. Risdal’s response to the motion for summary judgment was a one-page document, in which he stated, “Plaintiff Resists Defendants!’] February 27, 2013 Motion for Summary Judgment.” At a later telephone hearing on the summary judgment motion, Ris-dal — without first being sworn — stated that, after he was handcuffed, one defendant smashed his head into a chair, breaking his nose and a tooth, while the other defendants watched. The district court noted that Risdal had not previously made that allegation, but denied the motion for summary judgment, based in part on Ris-dal’s telephone statements about how he was beaten after he was restrained. The court concluded that defendants were not entitled to qualified immunity, because assaulting a person after he had been restrained, causing serious cuts or broken teeth, violated the clearly established right to be free from excessive force.
We have jurisdiction over this interlocutory appeal regarding the denial of qualified immunity to the extent that defendants raise an issue of law, which we review de novo. See Thompson v. King, 730 F.3d 742, 746 (8th Cir.2013). When a qualified-immunity question arises on a motion for summary judgment, we must accept as true the facts asserted by the plaintiff to the extent they are properly supported in the record. See Mays v. Rhodes, 255 F.3d 644, 647 (8th Cir.2001). Risdal’s unsworn telephone-hearing statements were not properly submitted under Federal Rule of Civil Procedure 56(c), however, and thus the district court erred, as a matter of law, in relying on those statements in denying the motion for summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n. 17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (unsworn statements are not admissible at summary-judgment stage of proceedings); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 968-69 (6th Cir.1991) (court may not consider unsworn statements when ruling on motion for summary judgment). As defendants’ account of the incident stands uncontradicted, we need address only the legal question of whether those facts support a denial of qualified immunity to defendants. See Fed.R.Civ.P. 56(e); see also Mays, 255 F.3d at 648 (unsworn statements containing hearsay were inadmissible on summary judgment such that defendant’s account of events was uncon-, tradicted).
Viewing the uncontradicted evidence in the light most favorable to Risdal, we conclude defendants are entitled to qualified immunity. See Thompson, 730 F.3d at 746 (qualified immunity requires two-pronged analysis of whether facts demonstrate deprivation of constitutional right and whether right was clearly established at time of deprivation). Specifically, we conclude that the force used to restrain Risdal was objectively reasonable, in light of his highly aggressive and destructive behavior, his relatively minor injuries, and the need to maintain order in the facility. Accordingly, defendants did not violate Risdal’s constitutional rights. See Winters v. Adams, 254 F.3d 758, 766 (8th Cir.2001) (qualified-immunity determination requires consideration of objective legal reasonableness of defendant’s conduct in light of information possessed at time of alleged violation); Andrews v. Neer, 253 F.3d 1052, 1061 n. 7 (8th Cir.2001) (excessive-force claim of involuntarily committed state-hos *804 pital patient is evaluated under objective-reasonableness standard; factors include need for application of force, relationship between need and amount used, extent of injury inflicted, whether force was used to punish or to maintain order or security, and whether reasonable officer would have used such force in similar circumstances).
Accordingly, we reverse the district court’s summary-judgment decision, and we remand this case to the district court with directions to dismiss the complaint without prejudice.

. The district court dismissed two other defendants, who are not appellants in this matter, because Risdal’s complaint did not make ■ allegations against them.