**Raymond J. DONOVAN, Secretary of Labor, U. S. Department of Labor, Plaintiff-Appellee,**

v.

**JANITORIAL SERVICES, INCORPORATED, Defendant,**

**Lester Meis, individually, Defendant-Appellant.**

No. 80–2286.

United States Court of Appeals, Fifth Circuit.

April 8, 1982.

---

Fly & Moeller, W. S. Fly, Victoria, Tex., for defendant-appellant.

Donald S. Shire, Mary-Helen Mautner, Kerry L. Adams, Patricia Saik, U. S. Dept. of Labor, Washington, D. C., for plaintiff-appellee.

Before WISDOM, SAM D. JOHNSON, and WILLIAMS, Circuit Judges.

SAM D. JOHNSON, Circuit Judge:

Defendant Lester Meis appeals an order holding him in civil contempt for failing to obey an injunction requiring his compliance with the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq.* He contends that the evidence is insufficient to show either that the company charged to be in violation of the FLSA is part of a single enterprise with corporations concededly within his control, or that he is the employer of the offending company's personnel. Meis also claims that the district court based its order of back wages on inadmissible hearsay. This Court finds the district court to be supported in all aspects by admissible evidence and affirms.

The original proceedings in this action charged Meis and his two corporations, Janitorial Services, Inc. and Sanitas Services of Victoria, Inc., with violations of the FLSA minimum wage, overtime and record keeping provisions.[1] The charges were sustained and a permanent injunction issued ordering Meis individually and the named corporations to refrain from future violations of those provisions of the Act. The order of contempt won by the Secretary of

---

1. The original proceedings, like this enforcement proceeding, were brought by the Secretary of Labor in an exercise of his power to secure compliance with the Act, FLSA § 16(c), 29 U.S.C. § 216(c).

Labor resulted from findings that the identical provisions of the Act were violated with respect to employees of Johnson Disposal Services, Inc., a separate corporation, and that Meis held such ultimate authority over the affairs of that corporation to be considered an employer of its personnel.

The district court found that Johnson Disposal Service, Janitorial Services, Inc., and Sanitas Services of Victoria, Inc., together meet the statutory definition of an "enterprise" within the regulatory scope of the FLSA, because they perform related activities, through unified operations and under common control, for a common business purpose, FLSA § 3(r), 29 U.S.C. § 203(r).[2] The district court's evaluation of the evidence accorded with the interpretation given the statutory requisites in *Brennan v. Veteran's Cleaning Service, Inc.*, 482 F.2d 1362 (5th Cir. 1973) and *Schultz v. Mack Farland & Sons Roofing Co., Inc.*, 413 F.2d 1296 (5th Cir. 1969).[3] *Veteran's Cleaning* held the elements of "related activities performed" for a "common business purpose" satisfied by evidence that the separate corporations engaged in complimentary businesses, and were to a significant degree operationally interdependent. *Mack Farland* found "common control" where ultimate authority over the affairs of the corporations vested in the person who had financed their incorporations, even though he had ceded day-to-day management to key employees. The evidence produced by the Secretary of Labor showed that Meis had indirectly financed the creation of Johnson Disposal and his corporation subsidized its ongoing operations.[4] The newer corporation's business of garbage collection is complimentary to Janitorial Services' commercial building maintenance service and Sanitas Service of Victoria's pest control service. Interdependencies between Johnson Disposal and Meis' corporations pervade numerous aspects of the companies' daily operations. The three companies are held out to the public as a single entity operating under the tradename of "Tri-Services Group," and offer package deals under that name. Business leads turned up by one company are shared with the others. The corporations share office space, clerical staff, and a common telephone system;[5]

---

**2.** Application of the FLSA of Johnson Disposal Services was in the first instance proper only if that company could be considered a part of a larger "enterprise": the Act regulates only those service-providing companies whose annual gross sales reach a statutorily-specified minimum, and Johnson Disposal Services alone did not post sales of the requisite minimum volume. FLSA § 3(s)(2), 29 U.S.C. § 203(s)(2); *Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 93 S.Ct. 1138, 35 L.Ed.2d 463, *rehearing denied,* 411 U.S. 940, 93 S.Ct. 1888, 36 L.Ed.2d 402 (1973); *Dunlop v. Ashey*, 555 F.2d 1228 (5th Cir. 1977). Unchallenged testimony established that Janitorial Services and Sanitas Services of Victoria each had sales, in all of the relevant years, in amounts in excess of the statutory minimum.

**3.** Application of the Act to particular fact situations demands an admittedly *ad hoc,* empirical approach to interpretation of the general terms of the statute, *Wirtz v. Wohl Shoe Co.*, 382 F.2d 848, 850 (5th Cir. 1967). Our review, as was the district court's interpretation, is guided by the firmly established principle of liberal construction of the FLSA. *Mitchell v. C. S. Vollmer & Co.*, 349 U.S. 427, 75 S.Ct. 860, 99 L.Ed. 1196 (1955); *Mitchell v. Empire Gas Engineering Co.*, 256 F.2d 781 (5th Cir. 1958);

*accord Coleman v. Sanderson Farms*, 629 F.2d 1077, 1081 (5th Cir. 1980).

**4.** Meis' wife owns 35% of Johnson Disposal's stock; Meis testified that he represents her interest in connection with these shares. Gary Johnson, the president of Johnson Disposal, borrowed the $7500 purchase price for his 45% interest from Meis' corporation, Sanitas Services. The loan was still outstanding at the time of the contempt hearing.

At various times, both of Meis' corporations have contributed to Johnson Disposal's ongoing operations by paying Johnson $200 per week. Amounts accrued by virtue of these payments are carried on the intercompany accounts as an interest-free loan. Repayment had not been scheduled at the time of the contempt hearing. Other financial assistance to Johnson Disposal's ongoing operations was given in the form of a loan of a truck by Sanitas Services, and the financing of another by a note secured and signed by Meis.

**5.** Meis claims that a simple sharing of clerical staff and office space is not, under the FLSA, enough to warrant a conclusion that otherwise separate businesses constitute a single enterprise, FLSA § 3(r)(2), 29 U.S.C. § 203(r)(2). Whatever the merits of his argument may be, it

Johnson Disposal uses charge accounts in the name of Sanitas Services to obtain needed supplies. Common control, as that term was interpreted by *Mack Farland*, vests in Meis. Though day-to-day management of Johnson Disposal is in the hands of its president, Gary Johnson, Meis' considerable investment in the company gives him ultimate, if latent, authority over its affairs. That Meis has exercised that authority only occasionally, through firing one employee, reprimanding others, and engaging in some direct supervision of Johnson Disposal drivers, does not diminish the significance of its existence.

The considerations supporting a determination that the three corporations compose a single enterprise also support a conclusion that Meis is an employer of the Johnson Disposal employees, within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), *cf. Arnheim and Neely*, 93 S.Ct. at 1142; *Mack Farland* at 1301.

■ Meis' final objection to the district court judgment, that it based its assessment of back wages on hearsay evidence offered by the Secretary, is also unavailing. The district court admitted into evidence a summary of unpaid wages prepared by the Secretary from the corporation's original payroll records, as well as the original payroll records themselves.[6] Meis did not point to any discrepancy between the original records and the data on the summary. The district court's admission and use of the summary was proper under Federal Rules of Evidence 803(6) and 1006. *Hodgson v. Humphries*, 454 F.2d 1279, 1283 (10th Cir. 1972); *accord Cora Pub, Inc. v. Continental Casualty Co.*, 619 F.2d 482, 488, *rehearing denied*, 629 F.2d 1349 (5th Cir. 1980).

The judgment of the district court is affirmed.

AFFIRMED.

is clearly inapposite in light of the many other substantial ties among these several corporations. That section does not preclude consideration of evidence of such sharing in an evaluation of the degree of interdependence existing among businesses under scrutiny.

6. Meis contends that the summary was not admitted into evidence. We agree with the Secretary that the district court admitted the summary, notwithstanding Meis' hearsay objection, as admissible under an exception to the hearsay rule. The district court's subsequent statement that "[it didn't] want any summaries that are based on hearsay" does not indicate otherwise. Meis stipulated to the admissibility of the records from which the summary was prepared.