**Scott M. KARR, Plaintiff,**

v.

**STRONG DETECTIVE AGENCY, INC., Defendant.**

Civ. A. No. 83–C–553.

United States District Court,
E.D. Wisconsin.

Dec. 26, 1984.

Robert J. Lowe, Milwaukee, Wis., for plaintiff.

Dean P. Laing, Milwaukee, Wis., for defendant.

DECISION AND ORDER

REYNOLDS, Chief Judge.

The issue before the Court in this Fair Labor Standards Act (FLSA) action, is the defendant's motion for partial summary judgment. In claims 1 and 2, the plaintiff seeks amounts allegedly due for unpaid minimum wage and overtime compensation pursuant to 29 U.S.C. § 216(b). In claim 3 the plaintiff seeks reimbursement for expenses under his employment agreement with the defendant. The defendant's motion for summary judgment on claims 1 and 2 will be granted.

The pleadings, depositions, answers to interrogatories and affidavits on file, viewed in the light most favorable to the plaintiff, show that there is no genuine issue as to any material fact. As an employee of the defendant detective agency, the plaintiff was placed as a warehouse worker with Roundy's Inc. on April 15, 1979. The plaintiff was treated and paid like all other Roundy's employees, but in addition to his warehouse duties, he ob-

served and reported on the activities of other Roundy's employees. At the end of each work day, the plaintiff wrote a report detailing his surveillance findings and submitted the reports to the detective agency which forwarded them to Roundy's.

The plaintiff's assignment at Roundy's lasted for over 3½ years. During this period, he joined the union which represented Roundy's warehouse employees and was paid $10–13 per hour plus benefits. In addition, the detective agency paid him $1 for each hour he worked at Roundy's. The plaintiff estimates that he spent ½ hour at the end of each work day preparing the surveillance reports.

The plaintiff contends that the FLSA requires the detective agency to pay him at least the minimum wage for every hour he worked at Roundy's during this period, and 1½ times that rate for any overtime. The defendant relies on the interpretation of the Wage and Hour Administrator, 29 C.F.R. § 791.2, to argue that the undisputed facts show that Roundy's and the detective agency were joint employers of the plaintiff.

The administrative interpretation is entitled to great weight. Under that interpretation, unless the facts demonstrate that Roundy's and the detective agency were acting "entirely independently of each other" and were "completely disassociated" with respect to the plaintiff's employment; a joint employment relationship is established. A joint employer is entitled to take credit toward minimum wage and overtime requirements for all payments made to the employee by the other joint employer.

I find that the relevant facts in this action establish a joint employment relationship. The plaintiff's surveillance activities simultaneously benefitted both employers, and the warehouse work was a necessary adjunct to the surveillance activity. Consequently, Roundy's and the detective agency were not acting independently of each other and the defendant's motion for partial summary judgment must be granted since the plaintiff's aggregate wages more than

meet the FLSA minimum wage and overtime requirements.

IT IS THEREFORE ORDERED that the defendant's motion for partial summary judgment is granted and claims 1 and 2 of the plaintiff's complaint are dismissed.