Scott M. KARR, Plaintiff-Appellant,

v.

STRONG DETECTIVE AGENCY, INC.,
a DIVISION OF KANE SERVICES,
Defendant-Appellee.

No. 85–1711.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 5, 1985.*

Decided April 11, 1986.

Robert J. Lowe, Law Office of Robert J. Lowe, Milwaukee, Wis., for plaintiff-appellant.

Dean P. Laing, Smith & O'Neill, S.C., Milwaukee, Wis., for defendant-appellee.

Before WOOD, COFFEY and FLAUM, Circuit Judges.

PER CURIAM.

Scott M. Karr, the plaintiff, sought amounts allegedly due from an employer, defendant Strong Detective Agency, for unpaid minimum wage and overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (1985). The district court, 599 F.Supp. 901, granted Strong's motion for summary judgment and dismissed this action. We affirm.

I.

The facts as found by the district court are undisputed by both parties. Karr began working as a private undercover detective at the Strong Detective Agency ("Strong") in April 1976. After three years' employment, Karr was placed as a warehouse worker at Roundy's, Inc. ("Roundy's"), a food distribution business. Here, he was treated and paid like all other Roundy's employees, but he was hired to secretly monitor the conduct of these workers, recording these observations in a report submitted to Strong, which was later sent to Roundy's. This report took Karr approximately thirty minutes each day to prepare. Karr was employed at Roundy's until December 1982.

While working, Karr was paid between $10.00–$13.00 per hour plus benefits from

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Roundy's, and he also received $1.00 per hour from Strong for every hour he worked at Roundy's. Following the termination of his employment of Roundy's, Karr sued Strong, claiming that as Strong's employee, he should have received at least the minimum wage for every hour he worked at Roundy's as well as one and one-half times that rate for any overtime. Strong responded by relying on the administrative interpretation found in 29 C.F.R. § 791.2 (1984), which defines a joint employment relationship under the FLSA. The district court accepted this interpretation, granted summary judgment to Strong, and dismissed the case, holding that the "relevant facts in this case establish a joint employment relationship," thus allowing Strong to take credit toward the minimum wage and overtime requirements for all payments made to Karr by Roundy's. This appeal followed.

## II.

In order for the minimum wage provisions of the FLSA to apply to Strong, Strong must be considered a distinct and separate employer of Karr. 29 C.F.R. § 791.2 (1984). The district court found otherwise that Strong and Roundy's were joint employers, and Karr argues that this was error.

### A. *Standard of Review*

■ The issue of our proper standard of review in this case has not previously been considered by this court. Karr argues that the district court's determination that Strong and Roundy's are "joint employers" under the FLSA should be reviewed as a question of law. Strong, however, contends that the majority of jurisdictions and the language of 29 C.F.R. § 791.2 (1985) itself directly hold that the joint employer issue is one of fact, and thus our review is accordingly subject to the "clearly erroneous" standard.

The Supreme Court has referred to a similar question of whether a party possesses sufficient indicia of control to be an "employer" under the NLRA as "essential-ly a factual issue," but that was in the context of deferring to a determination by the NLRB, an administrative agency with a particular expertise, unlike the district courts. *Boire v. Greyhound Corp.*, 376 U.S. 473, 481, 84 S.Ct. 894, 898, 11 L.Ed.2d 849 (1964); *see also NLRB v. Hearst Publications, Inc.*, 322 U.S. 111, 130–31, 64 S.Ct. 851, 860, 88 L.Ed. 1170 (1977). In FLSA cases, while it has not explicitly discussed the standard of review, the Court appears to treat the ultimate question of whether a party is an "employer" as a legal issue. *See Goldberg v. Whitaker House Cooperative, Inc.*, 366 U.S. 28, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961); *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772 (1972); *see also Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir.1983).

The Eighth Circuit treats this determination of whether a party is an "employer" as a legal one, *Wirtz v. Barnes Grocer Co.*, 398 F.2d 718, 722 (8th Cir.1968), as does the Ninth Circuit, *Bonnette*, 704 F.2d at 1469. The Fifth Circuit appears to have wavered in its treatment of the issue. It recently held that "[w]hether a party is an employer or joint employer for purposes of the FLSA is essentially a question of fact." *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 194 (5th Cir.1983). Yet it previously treated this as a legal question in contrast to some earlier cases in which that circuit considered it as a factual question. *Compare Donovan v. Tehco, Inc.*, 642 F.2d 141, 143 n. 4 (5th Cir.1981), *and Shultz v. Hinjosa*, 432 F.2d 259, 264 (5th Cir.1970), *with Hodgson v. Griffin and Brand of McAllen, Inc.*, 471 F.2d 235, 238 (5th Cir.), *cert. denied*, 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973), *and Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669 (5th Cir.1968).

We agree with the reasoning of the Eighth and Ninth Circuits. While the underlying facts of the instant case should be reviewed under a clearly erroneous standard, Fed.R.Civ.P. 52(a), the legal effect of those facts—whether Strong and Roundy's are joint employers within the meaning of the FLSA—is a question of law. *Bon-*

*nette,* 704 F.2d at 1469. *See generally* Jaffe, *Judicial Review: Question of Law,* 69 Harv.L.Rev. 239, 241 (1955). As in *Bonnette,* the reasons for deferring to the district court's determinations of fact do not apply in this case to the legal conclusion the court draws from those facts.

**B. Strong and Roundy's as "Joint Employers" Under FLSA**

■ Because we deal with a statutory construction of the FLSA, our determination of Strong and Roundy's status is not limited by the previous common law notion of "joint employer," *Bartels v. Birmingham,* 332 U.S. 126, 67 S.Ct. 1547, 91 L.Ed. 1947 (1972); *Bonnette,* 704 F.2d at 1469; *Donovan v. Sabine Irrigation,* 695 F.2d at 194, and we need to give this concept an expansive interpretation in order to effectuate Congress' remedial intent in enacting the FLSA. *Donovan v. Janitorial Services,* 672 F.2d 528 (5th Cir.1982); *Real v. Driscoll Strawberry Assoc.,* 603 F.2d 748, 754 (9th Cir.1979). The main focus here is on the "economic reality" of the situation. *Goldberg,* 366 U.S. at 33, 81 S.Ct. at 936.

Two or more employers may jointly employ someone for the purpose of the FLSA. *Falk v. Brennan,* 414 U.S. 190, 195, 94 S.Ct. 427, 431, 38 L.Ed.2d 406 (1973). All joint employers are individually responsible for compliance with the FLSA. 29 C.F.R. § 791.2(a) (1984).[1] Regulations issued by

the Wage and Hour Administrator indicate that a joint employment relationship will be considered to exist in the following circumstances:

(1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees; or

(2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or

(3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 791.2(b) (footnotes omitted).

The district court here held that the relevant facts established a joint employment relationship. Focusing on Karr's surveillance activity, the court concluded that these activities benefitted both Strong and Roundy's, and that the warehouse work was a necessary adjunct to the surveillance activity. Since Roundy's and Strong were neither acting "entirely independently of each other" nor were "completely disassociated," Strong was deemed entitled to take credit toward the minimum wage and overtime requirements for all payments made

---

1. This subsection reads:

   (a) A single individual may stand in the relation of an employee to two or more employers at the same time under the Fair Labor Standards Act of 1938, since there is nothing in the act which prevents an individual employed by one employer. A determination of whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the act depends upon all the facts in the particular case. If all the relevant facts establish that two or more employers are acting entirely independently of each other and are completely disassociated with respect to the employment of a particular employee, who during the same workweek performs work for more than one employer, each employer may disregard all work performed by the employee for the other employer (or employers) in determining his own responsibilities under

the Act. On the other hand, if the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the act. *In this event, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek. In discharging the joint obligation each employer may, of course, take credit toward minimum wage and overtime requirements for all payments made to the employee by the other joint employer or employers.*

29 C.F.R. § 791.2(a) (emphasis added).

to Karr by Roundy's. *See* 29 C.F.R. § 791.2(a). Karr's aggregate wages would certainly meet the FLSA minimum wage and overtime requirements.

Viewing the totality of "the circumstances of the whole activity," *Rutherford*, 331 U.S. at 730, 67 S.Ct. at 1476, we agree with the district court's determination. The facts as found by the district court are undisputed by both parties. Both Strong and Roundy's had an arrangement to share Karr's services as a warehouse worker and an undercover detective. Strong was acting directly in Roundy's interest by providing Karr as an undercover worker. Finally, both Strong and Roundy's shared control of Karr. The presence of the above three factors, considered by the Wage and Hour Administrator under 29 C.F.R. § 791.2(b) to constitute a joint employment relationship, militate for an affirmance of the district court's dismissal of Karr's action.

AFFIRMED.