[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 12, 2008
THOMAS K. KAHN
CLERK

No. 08-12806

D. C. Docket No. 07-21408 CV-JJO

ODALYS PEREZ,
and others similarly situated,

Plaintiff-Appellant,

versus

PALERMO SEAFOOD, INC.,
a Florida Corporation
d.b.a. Fico Key West Seafood,
JUAN ZIEGGENHIRT,
individually,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

**(December 12, 2008**

Before DUBINA, BLACK and FAY, Circuit Judges.

PER CURIAM:

With the parties' consent, a magistrate judge conducted a bench trial of this action claiming minimum wage and overtime violations under the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act. The district court found in favor of appellant, Odalys Perez ("Perez"), and entered a judgment for overtime compensation and statutory damages, retaining jurisdiction to award her attorney's fees. Perez appeals, contending that the district court erred in failing to find, in addition to the overtime violations, that the appellees, Palermo Seafood, Inc. and Juan Zieggenhirt ("Palermo"), had committed minimum wage violations.

More specifically, Perez asserts that the district court improperly failed to require Palermo to pay Perez the value of the "tip credit" taken by Palermo for all hours for which Perez was paid over the course of 46 work weeks. Perez asserts that she is entitled to the tip credit amount because Palermo failed to meet the FLSA conditions precedent to allowing an employer to deduct the tip credit from the cash wages paid to a tipped employee.

An appellate court reviews *de novo* the district court's interpretation of a federal statute, *Burlison v. McDonald's Corp.*, 455 F.3d 1242, 1245 (11th Cir. 2006), as well as a district court's interpretation of a state statute. *Blasland, Bouck & Lee, Inc.* v. *City of N. Miami*, 283 F.3d 1286, 1294 (11th Cir. 2002). We

2

likewise review *de novo* a district court's conclusions of law. *Wexler v. Anderson*, 452 F.3d 1226, 1230 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 934 (2007).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we see no clear error in the district court's findings of fact or legal error in its application of the law to those findings. Accordingly, we affirm the district court's judgment.

**AFFIRMED.**