Thomas E. PEREZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

OCEAN VIEW SEAFOOD RESTAURANT, INC.; Charlambos I. Syrigos, an Individual; and Polizonis M. Skeparnis, an Individual; Defendants.

CIVIL ACTION NO. 3:13–03613–MGL

United States District Court, D. South Carolina, Columbia Division.

Signed November 17, 2016

Barbara Murcier Bowens, US Attorneys Office, Columbia, SC, Karen E. Mock, Monica Renee Moukalif, US Department of Labor, Atlanta, GA, for Plaintiff.

Charles F. Thompson, Jr., Lake E. Summers, Michael D. Malone, Malone Thompson Summers and Ott, Katherine Anne Phillips, SC Department of Health and Environmental Control, Columbia, SC, for Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' AND PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT

Mary Geiger Lewis, United States District Judge

### I. INTRODUCTION

Plaintiff filed this case under § 17 of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 217, against Defendants Ocean View Seafood Restaurant, Inc. (Ocean View or the Restaurant), Charalambos I.

Syrigos, and Polizonis M. Skeparnis (collectively Defendants) to recover unpaid minimum wages and overtime compensation, together with an equal amount of liquidated damages, and to enjoin Defendants from violating certain provisions of the FLSA, as amended, 29 U.S.C. §§ 201–19; as well as § 16(c) of the FLSA, 29 U.S.C. § 216(c). This Court has jurisdiction over the matter under §§ 16(c) and 17 of the FLSA as well as 28 U.S.C. §§ 1331 and 1345.

Pending before the Court are Defendants' and Plaintiff's Motions for Partial Summary Judgment, ECF Nos. 45 & 44. Having considered the motions, the responses, the replies, the record, and the relevant law, the Court will grant Defendants' and Plaintiff's Motions for Partial Summary Judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Ocean View is a corporation with its principal place of business in Columbia, South Carolina. ECF No. 44 at 5. Syrigos and Skeparnis are business partners, who own 63% and 37% of Ocean View respectively. *Id.* The Restaurant has an annual gross revenue of at least $500,000. *Id.* Skeparnis is responsible for the day-to-day operations of the Restaurant and makes decisions about the business; keeps track of food and supplies; places necessary orders; pays the bills; supervises the staff; arranges the employees' schedules; has the authority to hire, fire and discipline employees; and collects the time cards and enters the information into the data entry sheet submitted to the accountant for payroll. *Id.* at 7–8; ECF No. 49 at 4.

Syrigos, on the other hand, describes himself as a "silent partner," who has never made a schedule, trained an employee, hired an employee, calculated payroll, paid the bills, or ordered food and supplies. ECF No. 44 at 6–7. He, however, possess-

es the authority to perform all of these tasks. *Id.* at 8–9.

Syrigos comes into Ocean View every Friday and Sunday evenings from 6:00 PM until closing and checks to see if orders from vendors came in or the Restaurant needs supplies. He also occasionally works in the kitchen and supervises staff. ECF Nos. 49 at 4–5; 44 at 9.

On one occasion, Syrigos and Skeparnis met to discuss a hostess's salary. ECF No. 44 at 9. They decided to start her at the minimum wage with the opportunity for raises pending good job performance. *Id.* Ocean View's food and supplies come from businesses both inside and outside of South Carolina. *Id.* at 7. For instance, their seafood is from Atlanta, Georgia. *Id.*

On December 14, 2011, the Department of Labor, Wage and Hour Division, commenced an investigation (Investigation) of Defendants to determine Ocean View's compliance with the minimum wage, overtime, child labor, and recordkeeping provisions of the FLSA. *Id.* at 1. The Investigation concluded Defendants had failed to comply with multiple sections of the FLSA. *Id.* at 2.

First, the Investigation concluded Defendants had violated § 6, the minimum wage provision, by failing to properly calculate hours worked by employees from the time cards, resulting in employees being uncompensated for some hours worked. *Id.* Moreover, and critical to Defendants' Motion for Partial Summary Judgment, Defendants allegedly paid tipped employees less than the full minimum wage required for tipped positions, which is $2.13 per hour, and failed to compensate properly for employee overtime. Nevertheless, the employees still received all tips they collected from work. *Id.* at 12–13.

The Investigation also found violations of § 7, the overtime mandates, due to Defendants calculating overtime based on a bi-weekly basis for employees who exceeded eighty hours per week, instead of a weekly basis for employees who exceeded forty hours per week. *Id.* at 2–3. Finally, the Investigation discovered Ocean View failed to maintain records as required by § 11(c) of the FLSA. *Id.* at 3. The Investigation failed to uncover any violations of the child labor provisions of the FLSA.

During the Investigation, the lead investigator informed Skeparnis his payment and record keeping practices were in violation of the FLSA. *Id.* at 11. Nevertheless, Defendants continued to pay employees pursuant to these improper methods. *Id.*

On December 31, 2013, Plaintiff filed its Complaint against Defendants alleging minimum wage, overtime, and record keeping FLSA violations. ECF No. 1. Plaintiff and Defendants both moved for partial summary judgment. ECF Nos. 44 & 45. Both parties filed their responses and replies. Defendants filed a sur-reply to Plaintiff's reply. The Court, having been fully briefed on the relevant issues, now turns to discussing the merits of the Motions.

## III. STANDARD OF REVIEW

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it might "affect the outcome of the suit under the governing law." *Id.*

On a motion for summary judgment, all evidence must be viewed in the light most favorable to the nonmoving party. *Perini Corp v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990); *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) ("[The Court] views all facts, and all reasonable inference to be drawn from them, in the light most favorable to the non-moving party."). When both parties file motions for summary judgment, as is the case here, the court applies the same standard of review to both motions, and considers "each motion separately on its own merits to determine whether either [side] deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003).

## IV. DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### A. Background Law

The current minimum wage established by the FLSA is $7.25 per hour. 29 U.S.C. § 206(a)(1). For "tipped employees," however, the FLSA allows the employer to pay them a reduced minimum wage of $2.13 per hour and then "credit" the other $5.12 per hour from the tips the employees receive, so long as these employees collect at least $5.12 in tips. *See* 29 U.S.C. § 203(m). This is termed the "tip credit." If the tipped employee fails to collect enough in tips to meet the $7.25 minimum wage, however, the employer shall pay the tipped employee the amount needed to meet the $7.25-per-hour requirement. *Id.*

According to the FLSA, to take advantage of the "tip credit," the employer must ensure:

> [t]he tipped employee ... has been informed by the employer of the provi-

sions of this subsection, and all tips received by such employee have been retained by the employee.

29 U.S.C.A. § 203(m). No other prerequisites exist in the FLSA.

## B. Contentions of the Parties

The dispute in Defendants' Motion for Partial Summary Judgment centers around the statutory interpretation of the FLSA's tip credit provision, 29 U.S.C. § 203(m). According to Defendants, the Court should follow the FLSA, which they maintain entitles tipped employees who have been improperly compensated to recover "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and [ ] an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Defendants allege not letting them take advantage of the tip credit is contradictory to the language of the FLSA, as there are only two requirements the statute places on employers—an employer inform its employees of their intent to use the tip credit and employees retain all tips they receive—both of which Defendants assert they have met. Defendants advance there is no requirement to pay the $2.13 per hour wage and overtime wages in full for every hour worked before an employer is entitled to claim the tip credit. Further, Defendants deny all of Plaintiff's evidentiary objections to exhibits and contend they properly attached each exhibit to their motions and responses.

In response to Defendants' tip credit contentions, Plaintiff asserts an employer is unable to take advantage of the tip credit provisions of the FLSA unless they have paid a tipped employee the $2.13 minimum wage and applicable overtime required for all hours worked in that position. Therefore, because Defendants failed to pay their tipped employees the required $2.13 minimum wage and overtime for every hour worked, Plaintiff contends Defen-

dants are unable to take advantage of the tip credit provision when calculating back wages and liquidated damages owed. Instead, according to Plaintiff, Defendants should pay damages for the full $7.25 federal minimum wage requirement, regardless of tips Ocean View tipped employees received. As referenced above, Plaintiff also raises evidentiary objections to exhibits attached to Defendants' motions and responses.

## C. Discussion and Analysis

■ Defendants advance they have met the two requirements § 203(m) of the FLSA sets forth—they informed their employees of their intent to use the tip credit and they allowed employees to retain all tips received. They therefore contend they are entitled to take advantage of the tip credit when paying tipped employees. ECF No. 45–1 at 9–10. As such, Defendants assert they owe $2.13 per hour to the tipped employees they failed to pay for the hours worked but that were uncompensated. According to Defendants, Plaintiff's argument they should pay the full $7.25 per hour for these hours is without merit. *Id.* at 3.

Plaintiff admits Defendants properly provided notice to tipped employees of their intention to use the tip credit for the purposes of Defendants' Motion for Partial Summary Judgment. ECF No. 48 at 3. Plaintiff also appears to agree employees of Ocean View retained all their tips. The primary issue presented to the Court is a textual disagreement concerning § 203(m).

Under Plaintiff's interpretation of the statute, paying an employee the full $2.13 per hour minimum wage for all hours worked is a condition precedent required before an employer can take advantage of the tip credit. *Id.* at 9. With this reading, the tip credit is available only to employers who comply entirely with the minimum

wage requirements; and a failure to pay fully a tipped employee for even one hour eliminates the benefit an employer can receive from the tip credit provision. Because Defendants failed to do so here, Plaintiff maintains Defendants are obligated to pay the full $7.25 per hour in back wages regardless of tips received.

Which reading of § 203(m) is correct appears to be a question of first impression in the Fourth Circuit. The courts that have decided similar issues are scarce in number. And, although none of their opinions are binding on this Court, they are helpful.

Defendants present four district court cases from outside this circuit in support of their reading of the tip credit provision. The case of *Goldin v. Boce, Group, L.L.C.*, 773 F.Supp.2d 1376 (S.D. Fla. 2011) appears particularly relevant here. In facts similar to this case, the plaintiff in *Goldin* received the required reduced minimum wage for all his regular hours worked as a tipped employee, except for eleven hours of overtime, which the employer failed to pay. *Id.* at 1378. Like the Plaintiff here, the plaintiff in *Goldin* argued "[t]he FLSA requires, as a condition precedent, that the specified reduced case wage be paid for every hour worked, and because that condition was not met, the tip credit allowed by the FLSA is unavailing." *Id.* at 1379 (internal quotations omitted). The *Goldin* court, however, held the plaintiff's argument unconvincing, noting there were only two prerequisites laid out in the FLSA and "decline[d] to read a condition precedent into the statute where Congress did not create one." *Id.* Other district courts have followed this same reasoning in cases involving similar facts. *See e.g., Dominguez v. Quigley's Irish Pub, Inc.*, 790 F.Supp.2d 803, 819 (N.D. Ill. 2011) (rejecting contentions by the plaintiff that paying an employee for all hours worked is required of employers before taking advantage of the

tip credit); *Muldowney v. Mac Acquisition, LLC*, No. 09–22489–CIV, 2010 WL 520912, at *1 (S.D. Fla. Feb. 9, 2010) (holding an employer eligible to take advantage of the tip credit provision even though he had neglected to pay an employee for work performed off-the-clock); *Perez v. Palermo Seafood, Inc.*, 548 F.Supp.2d 1340, 1348 (S.D. Fla. 2008), *aff'd*, 302 Fed.Appx. 905 (11th Cir. 2008) (holding an employer eligible to take advantage of the tip credit provision despite not fully compensating an employee for overtime work).

Plaintiff relies on *Richard v. Marriott Corp.*, 549 F.2d 303 (4th Cir. 1977), to support his view Defendants are unentitled to the tip credit provision. In *Richard*, Marriott, the employer, "never informed its employees" it was using the tip credit as mandated by the FLSA. *Id.* at 305. This issue is absent in this matter, as both parties agree notice was provided here. Contrary to Plaintiff's assertions, the language of *Richard* actually supports Defendants' position: "What the Congress has said, in effect, to restaurant employers is that, if you precisely follow the language of [the tip credit provision] and fully inform your employees of it, you may obtain a [tip credit] from the receipt of tips towards your obligation to pay the minimum wage." *Id.* In this instance, the Court holds Defendants precisely followed the language of the statute.

The Court will briefly discuss Plaintiff's other objections to Defendants' entitlement of the FSLA tip credit. Plaintiff asserts Defendants' reading of the statute would incentivize employer noncompliance with the tip credit provision and reward employers who would comply only when caught. The FLSA, however, has safeguards in place to ensure employers comply with federal minimum wage law. In addition to allowing employees to receive back pay of unpaid wages, the

FLSA mandates an employer pay liquidated damages "in an additional equal amount." 29 U.S.C. § 216(b). This threat of paying twice the amount of damages would appear to be enough of a deterrent to discourage employers from ignoring the requirements laid out by the FLSA. Nevertheless, even if that is not so, "[t]he function of the judiciary is to apply the law, not to rewrite it to conform to the policy positions of litigants." *Mort Ranta v. Gorman*, 721 F.3d 241, 253 (4th Cir. 2013).

■■■■ "[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others[;]" that when Congress writes a statute, it "says... what it means and means ... what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). "Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement." *Schafer v. Astrue*, 641 F.3d 49, 61 (4th Cir. 2011) (citation omitted) (internal quotation marks omitted). Because Congress found it unnecessary to add a condition precedent, the Court declines to do so here today.

■■■ Plaintiff also contends granting Defendants' Motion "ignore[s] the FLSA's protection that each employee, including tipped employees, must be paid the full minimum wage for all hours worked in a work week." To rule in favor of Defendants, however, leaves unchanged the FLSA's mandate that employers pay employees the full $7.25 per hour, whether through tips or wages. 29 U.S.C. § 206(a)(1). "[T]he requirement that an employee be paid the minimum wage for each hour worked is separate and distinct from the tip credit provisions." *Goldin*, 773 F.Supp.2d at 1380.

In sum, the Court holds, as a matter of law, Defendants satisfied the two requirements of § 203(m): they informed their employees of their intent to use the tip credit and they allowed the tipped employees to retain all tips received, hence making them eligible to avail themselves to the benefits of the tip credit provision of the FLSA.

Although there appears to be some dispute over whether Ocean View actually utilized the tip credit to compensate its employees, determining whether Ocean View actually paid an employee utilizing the tip credit is beyond the scope of Defendants' Motion for Partial Summary Judgment. The Court, having ruled on the appropriate interpretation of the remedial scheme, leaves the task of applying the scheme to counsel. ECF No. 45–1 at 2.

## V. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### A. Contentions of the Parties

Plaintiff raises several arguments in his Motion that he advances are undisputed and asks the Court to establish as a matter of law. First, Plaintiff advocates Defendants be subject to enterprise coverage under the FSLA, which extends FLSA protections to all employees of Ocean View regardless of whether the employees are individually engaged in interstate commerce. Plaintiff also alleges both Skeparnis and Syrigos are employers under the FLSA. Further, Plaintiff avows Defendants repeatedly and willfully violated the minimum wage, overtime, and record keeping provisions of the FLSA. Because of these allegedly willful violations, Plaintiff avers Defendants are jointly and severally liable for an amount equal to the back wages and liquidated damages due under the FLSA, and these damages should be measured by a three-year statute of limitations instead of the standard two-year limitation. Finally, Plaintiff requests the Court enjoin Defendants and their agents, servants, employees, and all persons in active

concert or participation with them from further violations of the FLSA provisions.

Defendants acknowledge Ocean View is subject to enterprise coverage under the FLSA; Skeparnis is a co-owner and exclusively responsible for the payroll and compensation functions of Ocean View; Defendants made errors with regard to minimum wage compensation, overtime, and recordkeeping obligations—although they deny these errors were repeated as Plaintiff advocates; and liquidated damages are a component of the FLSA's remedial scheme. Defendants allege, however, the FLSA fails to classify Syrigos as an employer and therefore dispute he is jointly and severally liable for back wages and liquidated damages liability, as only employers can be jointly and severally liable for any damages Ocean View owes. Defendants further avow their violations of the FLSA were negligent at worst, instead of willful violations as Plaintiff advances. In addition, Defendants claim a permanent injunction against Ocean View at this stage in the proceedings is premature.

### B. Discussion and Analysis

#### 1. Enterprise Coverage Under 29 U.S.C. § 203(r)

Plaintiff asserts Defendants are subject to enterprise coverage under the FLSA. Defendants fail to contest this claim. Consequently, the Court holds Defendants are subject to enterprise coverage under the FLSA.

#### 2. Skeparnis and Syrigos as Employers Under 29 U.S.C. § 203(d)

■ To be liable for violating the FLSA, an individual must be an "employer" as defined by the statute. *See* 29 U.S.C. §§ 206, 207(a)(1). The plaintiff bears the burden of alleging and proving the existence of an employee-employer relationship to establish liability. *See Benshoff v.* *City of Virginia Beach*, 180 F.3d 136, 140 (4th Cir. 1999).

■ The FLSA broadly defines employer to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Supreme Court has held the FLSA's definition of employer to be "expansive" and includes individuals with "managerial responsibilities" who exercise "substantial control over the terms and conditions of the work of employees." *Falk v. Brennan*, 414 U.S. 190, 195, 94 S.Ct. 427, 38 L.Ed.2d 406 (1973). Most circuits, including recently the Fourth Circuit, utilize the "economic reality" test to determine the existence of an employee-employer relationship. *See e.g. Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 83–84 (4th Cir. 2016) (applying the economic reality test and holding no employer-employee relationship between a student teacher and her supervisor).

■ Relevant factors in this economic reality test include: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* No single factor is dispositive; rather, a court must consider the totality of the circumstances. *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988). Further, an employer need not supervise, control, or otherwise exercise authority continuously over their employees to be an employer. *See Irizarry v. Catsimatidis*, 722 F.3d 99, 111 (2d Cir. 2013) (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)). Rather, "control may be restricted, or exercised only occasionally without removing the employment relationship from the protections of the FLSA." *Id.; see also Donovan v. Janitorial Servs., Inc.*, 672

F.2d 528, 531 (5th Cir. 1982) (stating "that [the employer] exercised that authority only occasionally . . . does not diminish the significance of its existence"). As noted above, any individual found to be an employer is jointly and severally liable under the FLSA for unpaid wages. *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir 1983).

### a. Skeparnis

■ Here, Plaintiff has adequately shown Skeparnis is an employer under the FLSA. ECF No. 44 at 17–18, ECF No. 49 at 1–2. By Defendants' own admission, Skeparnis operates Ocean View on a day-to-day basis. ECF No. 49 at 2. As noted above, Skeparnis is the manager who makes most of the hiring and firing decisions, and determines employees' wages. For example, Skeparnis, in a meeting with Syrigos, decided to pay a hostess the minimum wage when she started, with opportunity for a raise after performance reviews. *Id.* Further, Skeparnis is mostly responsible for supervising staff, controlling employees' schedules, and instructing staff when to come to work, take a break, and go home. ECF No. 44 at 18. Skeparnis also determines the rate and method of payment of employees by calculating the payroll for Ocean View. *Id.* Finally, he reviews time cards, adds hours worked by employees onto those time cards, and enters the information on the data entry sheet used to calculate payroll, thereby maintaining employment records. *Id.* at 8, 18. The facts presented by Plaintiff and admitted by Defendants show Skeparnis meets all four prongs of the economic reality test. *See Kerr*, 824 F.3d at 83–84. These responsibilities are also "managerial" in nature and show "substantial control over the terms and conditions of employees' work[.]" *See Brennan*, 414 U.S. at 195, 94 S.Ct. 427. Consequently, the Court holds Skeparnis meets the FLSA definition for an employer, and he is therefore jointly and severally liable for Ocean View's unpaid wages.

### b. Syrigos

■ Plaintiff also contends Syrigos is an employer under the FLSA. Defendants instead describe him as a "silent partner" of Ocean View. ECF No. 49 at 2, 5. Plaintiff argues, however, Syrigos had the authority to hire, fire, discipline, direct the work of, and set the rate, pay and hours of employees working at Ocean View. ECF No. 44 at 8–9. Further, Plaintiff points to deposition testimony by Syrigos in which he states, as noted above, he and Skeparnis decided a hostess's salary, including a potential for a raise if she did a "good job." *Id.* Syrigos also stated he would "work in the kitchen or supervise the staff, the waitress staff" whenever he was at the restaurant. *Id.* He would do this, however, only on days when he visited the restaurant, which he testified were "usually Friday and Sunday, but sometimes something happens and I have to go other days." ECF No. 44–2 at 17:11–15.

Defendants rely on *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.*, 515 F.3d 1150 (11th Cir. 2008) as persuasive authority employers who exercise managerial control do not necessarily qualify as an employer. ECF No. 49 at 8. In *Alvarez Perez*, the court determined an employer "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." 515 F.3d at 1160. The court then went on to hold one of the defendants not an employer because he "did not take . . . an active role in the day-to-day operations of [the business]." *Id.* In the present case though, Syrigos had "some direct responsibility for the supervision of the employee[s]." *Id.* By his own admission, he would sometimes supervise staff. ECF No. 44 at 9. And although Syrigos was not always at

Ocean View and did not constantly engage in this type of managerial behavior, continual supervision is not a requirement for employer status. *Irizarry*, 722 F.3d at 111. Because Syrigos exercised supervisory control not present in *Alvarez Perez*, and the Eleventh Circuit case is not binding on this Court, the Court is of the opinion the case has no bearing on the Court's determination of this matter.

From the Court's careful review of the record, it appears Syrigos meets almost every prong of the economic reality test. Syrigos had the authority to hire or fire employees, meeting the first prong. *See Kerr*, 824 F.3d at 83–84. He also directly supervised employees when he was at the restaurant, which satisfied the second prong. *Id.* Further, Syrigos, in a meeting with Skeparnis, determined the rate and method of payment for a waitress, the third prong. *Id.* Although Syrigos fails to meet the fourth prong of the economic reality test, maintaining employment records, "not one single factor is dispositive," and a review of the evidence establishes under a totality of the circumstances he exercised "substantial control over the terms and conditions of the work of employees." *See Brennan*, 414 U.S. at 195, 94 S.Ct. 427; *Brock*, 840 F.2d at 1059.

For the aforementioned reasons, the Court holds Syrigos exercises enough supervision and control over employees at Ocean View to be an employer as the term is defined by the FLSA.

### 3. Defendants' Repeated Violations of §§ 6, 7, 11(c), and 15(a)(5) of the FLSA

Plaintiff contends Defendants made repeated violations of the minimum wage, overtime, and reporting provisions of the FLSA. ECF No. 44 at 18–20. Defendants admit they made errors concerning all of these FLSA provisions, but attribute these violations mostly to Skeparnis making computational errors when calculating hours worked. ECF No. 49 at 2; ECF No. 45–1 at 3–5. Although Defendants "take issue with" Plaintiff's characterization of the multiple violations as "repeated," the Court holds it unnecessary to address this semantical argument as the exact descriptor used—multiple instances, repeated, recurring, several, or any other similar phrase—is immaterial to the outcome of the Court's determination on this matter. ECF No. 49 at 2. Therefore, because both parties agree and no reasonable jury could find otherwise, the Court holds as a matter of law Defendants made multiple violations of §§ 6, 7, 11(c), and 15(a)(5) of the FLSA. The Court, however, declines to establish exactly how many violations Defendants committed or the extent of these violations, as the parties did not present that question in these motions.

### 4. Defendants' Violation of the FLSA as Willful

 The FLSA typically has a two-year statute of limitations for minimum wage violations. 29 U.S.C. § 255(a). If the violations were willful, however, the period extends to three years after the cause of action accrued. *Id.*; *see also Martin v. Deiriggi*, 985 F.2d 129, 135 (4th Cir. 1992) (stating a plaintiff "may recover an additional year of back wages when a violation is willful"). The Supreme Court has held willfulness to mean the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988).

 Federal regulations regarding the FLSA have defined "reckless disregard" as "failure to make adequate inquiry into whether conduct is in compliance with the [FLSA]." 5 C.F.R. § 551.104. Conduct that is merely unreasonable or negligent fails to satisfy the willfulness standard. *McLaughlin*, 486 U.S. at 133, 108 S.Ct.

1677. If the record shows no genuine issue of material fact in dispute as to an employer's willful mindset, a court may rule as a matter of law his violations were willful. *See, e.g., Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 966–67 (6th Cir. 1991) (holding an employer who continued to violate the FLSA after a previous investigation resulted in penalties to have willfully violated the FLSA as a matter of law).

■ Skeparnis had been in the restaurant business for over 20 years at the time of the Investigation. ECF No. 44 at 21. Skeparnis was aware all of the restaurants he had previously worked at were required to pay minimum wage for all hours worked. ECF No. 44–3 at 33:20–24. Further, when Syrigos and Skeparnis bought Ocean View, Skeparnis saw posters on the walls of the Restaurant discussing the minimum wage requirements. ECF No. 44 at 21.

Particularly telling is Skeparnis's payment of kitchen workers after the Investigation. Skeparnis admitted he paid kitchen workers in cash on a weekly basis without any receipt or pay stub. *Id.* at 21–22. He did so without creating a written schedule for this kitchen staff or recording the amount of hours worked by any of these employees. *Id.* Kitchen employees also were exempt from clocking in when they worked. *Id.* at 22. Despite knowing the requirement to pay employees minimum wage for all hours worked and failing to keep track of how much time his kitchen staff spent working, Skeparnis nevertheless paid each employee the same rate each day regardless of how many hours the employee worked. *Id.*

At the conclusion of the Investigation, the Investigator informed Skeparnis it was improper to have several employees in the kitchen he paid in cash. *Id.* at 12; ECF No. 78 at 96:10–16. Skeparnis stated he understood this practice was wrong. ECF No. 44 at 12. Despite this information and

understanding, Skeparnis continued to pay his kitchen workers in cash without keeping an accurate schedule of their hours worked. *Id.* at 25. These illegal practices continued after the Investigation had concluded up until when Plaintiff filed this lawsuit. *Id.*

Ocean View's continuing its illegal payment of kitchen workers despite the Investigator informing Defendants those same practices violated the FLSA shows at the very least reckless disregard for wage and hour laws. This prolonged disregard for the FLSA when paying kitchen workers establishes willfulness under the Supreme Court standard. *See McLaughlin*, 486 U.S. at 133, 108 S.Ct. 1677. Therefore, the Court holds as a matter of law Skeparnis's conduct shows at least a "reckless disregard for the matter of whether his conduct was prohibited by the [FLSA]" and is therefore willful under the FLSA. *Id.* Accordingly, the relevant limitations period for this claim is three years.

### 5. Defendants' Liability for Liquidated Damages and a Portal-to-Portal Defense

■ An employer who violates the FLSA is liable for both unpaid wages and for liquidated damages equal to those unpaid wages. 29 U.S.C. § 216(c). There is, however, a good-faith "Portal-to-Portal Act" defense that gives the Court discretion to reduce or deny an award of liquidated damages if "the employer shows to the satisfaction of the court the act or omission giving rise to [the FLSA violation] was in good faith and he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260. Plaintiff has moved to bar Defendants as a matter of law from raising this Portal-to-Portal defense. ECF No. 44 at 23–26.

As a threshold matter, Defendants agree liquidated damages are a component of the

FLSA's remedial scheme. ECF No. 49 at 2. It is unclear from the Defendants' Answer, however, if they are raising a Portal-to-Portal defense when they state Ocean View's violations "occurred in good faith with reasonable grounds for believing that Defendants were in full compliance with the FLSA." ECF No. 9 at 4. This answer mirrors the language of the Portal-to-Portal defense, but this language appears aimed at refuting the claims of willfulness, not establishing the Portal-to-Portal defense. *See id.* Even assuming arguendo Defendants intended to bring this defense, it would be without merit. As the Court has already held, Defendants' violations of the FLSA were willful, negating any good-faith defense. Therefore, if Defendants have brought a Portal-to-Portal defense, the Court holds it fails as a matter of law.

### 6. Plaintiff's Request for Injunctive Relief

■ The FLSA grants a court the authority to "restrain violations" of the FLSA through injunctive relief. 29 U.S.C. § 217. A court should normally issue an injunction against the commission of future violations when there is a finding of clear violations of the FLSA. *See McComb v. Homeworks' Handicraft Co–op*, 176 F.2d 633 (4th Cir. 1949) (overturning a district court's denial of injunctive relief against Defendants who had willfully violated the FLSA). In deciding whether to grant injunctive relief:

> Some of the factors to be considered are the employer's previous actions of non-compliance or litigation, the moral and business responsibility of the employer, the extent to which promises of future compliance are something more than empty, idle words unmatched by the institution of effectual corrective procedures, or are undependable contritions under pressure of legal action, whether litigious contention is the legitimate good faith quest for legal determination

or the mere pretense, for past or future actions, to thwart effective compliance. *Goldberg v. Cockrell*, 303 F.2d 811, 813 (5th Cir. 1962) (internal quotation marks excluded). Having carefully considered these factors, the Court holds Plaintiff is entitled to injunctive relief.

■ As already discussed, Skeparnis willfully violated the FLSA provisions in operating Ocean View. Even after the Investigation, Skeparnis continued to commit these violations at the time Plaintiff filed this suit, despite investigators previously informing him what he was doing was inappropriate. These "previous actions of non-compliance" show Skeparnis's willingness to violate the FLSA even with knowledge of the requirements. *Id.*

The Court is unconvinced Plaintiff's filing of this lawsuit will prevent further FLSA violations by Defendants sans the Court enjoining them from future violations. Because "the Wage and Hour Division cannot reasonably be charged with the responsibility of checking back on past violators ... fairness and the economy of administrative effort both dictate that after an employer has once violated the [FLSA] he should bear his own responsibility" for future compliance. *Id.* Further, if Skeparnis intends to continue his current compliance of the FLSA, "an injunction in this type of case is not a burdensome thing; it simply requires the employer to obey the law." *Hodgson v. Approved Pers. Serv.*, 529 F.2d 760, 764 (4th Cir. 1975). The Court therefore enjoins all Defendants, their agents, servants, employees, and all persons in active concert or participation with them from further violating the provisions of §§ 6, 7, and 11 of the FLSA under the authority granted to it. *See* 29 U.S.C. § 217.

## VI. CONCLUSION

Consequently, based on the foregoing discussion and analysis, Defendants' Mo-

tion for Partial Summary Judgment and Plaintiff's Motion for Partial Summary Judgment are **GRANTED**.

In light of the Court's granting Plaintiff's request for injunctive relief, on or preferably before Wednesday, November 23, 2016, the parties shall conference and submit to the Court a proposed Consent Order Granting Injunctive Relief setting forth with specificity what the Court is enjoining. Mere references to the complaint are insufficient. The proposed order will include a date when the injunction expires.

Further, on or preferably before Wednesday, November 23, 2016, the parties shall submit to the Court a proposed Consent Amended Scheduling Order to the Court, with the date for jury selection and trial set not later than Tuesday, February 7, 2017.

**IT IS SO ORDERED.**